UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILBUR EVANS,

                                        Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
WARDEN MICHAEL HOURIHANE, CAPTAIN
SULLIVAN, JOHN DOE CORRECTIONS OFFICERS #
1-5,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

JURY TRIAL DEMANDED

07 CV 6662 (RJH)(JCF)

       Defendants City of New York, Commissioner Martin F. Horn, and Warden Michael Hourihane and Captain Sullivan, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the Complaint.

       6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Martin F. Horn is the Commissioner of the New York City Department of Correction and was the Commissioner of the New York City Department of Correction on or about June 22, 2006, and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Michael Hourihane is the Warden of the Otis Bantum Correctional Center ("OBCC") and, that plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Captain Sullivan is employed by the City of New York within the Department of Correction, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified individuals.

12. Defendants state that the allegations set forth in Paragraph "12" of the Complaint constitute legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office, and that the claim has not been settled or adjusted by defendant City of New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff was incarcerated at OBCC on April 1, 2007.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, including all of its subparts.

21. In response to the allegations set forth in paragraph "21" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "20" of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "24" of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "28" of this answer, as if fully set forth herein.

30. Defendants state that the allegations set forth in Paragraph "30" of the Complaint constitute legal conclusions to which no response is required.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "32" of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants state that the allegations set forth in Paragraph "36" of the Complaint constitute legal conclusions to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "37" of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants state that the allegations set forth in Paragraph "40" of the Complaint constitute legal conclusions to which no response is required.

41. Deny the allegations set forth in paragraph "41of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "41" of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. In response to the allegations set forth in paragraph "50" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "49" of this answer, as if fully set forth herein.

51. Defendants state that the allegations set forth in Paragraph "51" of the Complaint constitute legal conclusions to which no response is required.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56. Defendants Horn, Hourihane and Sullivan have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

58. Defendants Horn and Hourihane have no personal involvement in any incident alleged in plaintiffs' complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

59. Plaintiff caused or provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

60. To the extent that the complaint alleges any claims arising under the laws of the State of New York, plaintiff may have failed to comply with New York General Municipal Law § 50-e and accordingly, such claims are barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

61. Any force utilized by any correction officer was justified and *de minimus*.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

63. Plaintiff cannot obtain punitive damages against the City of New York.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

64. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

65. This action may be barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**WHEREFORE,** defendants City of New York, Commissioner Horn, Hourihane and Sullivan request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           April 3, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York, Horn, Hourihane & Sullivan
100 Church Street, Room 3-148
New York, New York 10007
(212) 788-1277

By: _____
    Joyce Campbell Priveterre (JCP 1846)
    Assistant Corporation Counsel

TO:   Nicole Bellina, Esq. (*Via ECF*)
      Stoll, Glickman & Bellina
      Attorneys for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217
      (718) 852-4491

7

07 CV 6662 (RJH)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILBUR EVANS,

                                Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, WARDEN MICHAEL HOURIHANE, CAPTAIN SULLIVAN, JOHN DOE CORRECTIONS OFFICERS # 1-5,

                                Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Horn,*
*Hourihane & Sullivan*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:* Joyce Campbell Priveterre
*Tel: (212) 788-1277*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*............................................................................. Esq.*

*Attorney for ..............................................................*